# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-11178
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 22, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL CHRISTOPHER WARD,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:08-CR-56-1

Before DeMOSS, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Michael Christopher Ward appeals the 18-month term of imprisonment imposed upon the second revocation of his supervised release. He argues that the district court erred by grounding his sentence in a desire to impose "just punishment for the offense." *See United States v. Miller*, 634 F.3d 841, 843-44 (5th Cir. 2011); 18 U.S.C. § 3553(a)(2)(A).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-11178

Because Ward did not object to the revocation sentence, it is considered for plain error only. *See United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009). To establish plain error, he must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes this showing, this court has the discretion to correct the error but will do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted). Ward has not made the showing necessary to receive relief under this "difficult" standard. *See id.*

The record does not support Ward's argument that the district court's choice of sentence was driven by a desire for that sentence to meet the § 3553(a)(2)(A) goal of "just punishment for the offense." To be clear, the district court never used the specific phrase "just punishment."

The word "punishment" was used several times by both the district court and defense counsel. When these remarks are considered in context, it appears the court simply used this word to speak of the penalty that Ward was to receive for violating the terms of his supervised release. "[T]he goal of revocation is to punish a defendant for violating the terms of the supervised release." *Miller*, 634 F.3d at 843. This interpretation of the remarks is supported by the district court's written judgment which stated: "the court considered all relevant factors set forth in 18 U.S.C. § 3553(a) that are proper for consideration in a revocation context." It is also supported by the district court's following statement at the revocation hearing: "I think a sentence of the kind I've described is one that would adequately and appropriately address all the factors the Court should consider in a revocation context under 18 United States Code Section 3553(a)." But even assuming there is a lingering ambiguity regarding the district court's use of the word "punishment," this

court has stated: "Because [the defendant] did not object at sentencing and give the court an opportunity to clarify itself, we are unable to conclude that the court based his sentence on an impermissible factor." *United States v. Hernandez-Martinez*, 485 F.3d 270, 274 (5th Cir. 2007). In this case, Ward has not shown plain error in connection with the district court's references to "punishment" at sentencing.

The judgment of the district court is AFFIRMED.